IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.:  4:24-cr-00532-1-HEA-JMB |
| | ) | |
| IRVEN WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OMNIBUS MOTION TO DISMISS THE INDICTMENT & SUGGESTIONS IN SUPPORT THEREOF, WITH INCLUDED REQUEST TO WITHDRAW / STIRKE PREVIOUSLY FILED DOC. #23

COMES NOW Defendant, and with the assistance of his appointed counsel, asks the Court to consider the following grounds in support of his request that the indictment in this matter be dismissed, either in whole or in part.

## TABLE OF CONTENTS

| Point | Summary | Pages |
|---|---|---|
| I | Request to Withdraw / Strike R. Doc. 23 | p.2 |
| II | Introduction and Procedural Background | p.2 |
| III | Motion to Dismiss (Multiplicity) | p.2 to p.4 |
| IV | Motion to Dismiss (18 U.S.C. §3161(b) | p.4 to p.6 |
| V | Motion to Dismiss (Double Jeopardy) | p.6 |
| VI | Motion to Dismiss (Bruen) | p.6 to p.8 |
| VII | Conclusion | p.8 |

## I.     REQUEST TO WITHDRAW / STRIKE DOCUMENT #23

Defendant's previous counsel filed a "motion to dismiss due to defective indictment" at R. Doc. 23. This omnibus motion to dismiss restates and repackages the arguments made by prior counsel but expands the asserted grounds for a dismissal and introduces alternative theories which the Defendant wishes the Court to consider.

To avoid confusion on the docket, or a muddling of issues, Defendant asks that this prior entry (R. Doc. 23) be stricken.

## II.     INTRODUCTION AND PROCEDURAL BACKGROUND

The indictment charges the Defendant with eight substantive counts and a forfeiture allegation related to two law enforcement contacts which occurred on two different days (November 1, 2023, and August 26, 2024). (See R. Doc. 2).

Counts 1, 4, 5 and 8 charge the Defendant with firearms crimes (being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)).

Counts 2, 3, 6 and 7 charge the Defendant with violations of the federal drug laws (possession with intent to distribute in violation of 21 U.S.C. §841(a)(1)).

## III.     MOTION TO DISMISS INDICTMENT (FOR MULTIPLICITY) & SUGGESTIONS IN SUPPORT THEREOF

COMES NOW Defendant, and with the assistance of his appointed counsel, and for and in support of his motion to dismiss the indictment based on multiplicity, states as follows:

Defendant asserts that the indictment is multiplicitous in that the Government is asserting two-firearms counts per date for what is presumably the same firearm (i.e., one-count of being a felon in possession of a firearm **and** one-count of possession of a firearm in furtherance of a drug trafficking crime: both for the same act (possessing a single firearm) <u>and</u> two-counts per date for what was essentially the same stash of drugs (just different types of drugs). Defendant feels that despite the charging statutes having different elements, the charging structure chosen by the Government is multiplicitous and violates the Defendant's rights against multiplicity.

| <u>Count</u> | <u>Date of Offense</u> | <u>Charge</u> | <u>Statute</u> |
|---|---|---|---|
| 1 | November 1, 2023 | Felon in Possession | 18 U.S.C. §922(g)(1) |
| 2 | November 1, 2023 | Poss. w/ Intent (fentanyl) | 21 U.S.C. §841(a)(1) |
| 3 | November 1, 2023 | Poss. w/ Intent (cocaine base) | 21 U.S.C. §841(a)(1) |
| 4 | November 1, 2023 | Firearm in Furtherance | 18 U.S.C. 924(c)(1) |
| 5 | August 26, 2024 | Felon in Possession | 18 U.S.C. §922(g)(1) |
| 6 | August 26, 2024 | Poss. w/ Intent (fentanyl) | 21 U.S.C. §841(a)(1) |
| 7 | August 26, 2024 | Poss. w/ Intent (cocaine base) | 21 U.S.C. §841(a)(1) |
| 8 | August 26, 2024 | Firearm in Furtherance | 18 U.S.C. 924(c)(1) |

Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) recognizes the prohibition against multiplicity in criminal indictments. A multiplicitous indictment charges a single offense as separate counts. *United States v. Starks*, 472 F.3d 466, 468–69

(7th Cir.2006). It exposes the "defendant to the threat of receiving multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment." *Id.* at 469. To "determine whether a given indictment contains multiplicitous counts, we look to the applicable criminal statute to see what the allowable 'unit' of prosecution is—the minimum amount of activity for which criminal liability attaches." *United States v. Allender*, 62 F.3d 909, 912 (7th Cir.1995).

The defendant asserts that the Government must at most be limited to a single gun count and a single drug count per date of arrest. On this basis the Defendant proposes that the indictment is multiplicitous and must be dismissed.

## IV. MOTION TO DISMISS INDICTMENT (AS VIOLATIVE OF 18 U.S.C. §3161(b))

COMES NOW Defendant, with the assistance of his appointed counsel, and states that the indictment in this matter fails to comply with 18 U.S.C. §3161(b), and is therefore fatally defective and must be dismissed.

1. The indictment in this matter charges the Defendant with eight substantive counts and a forfeiture allegation related to two law enforcement contacts which occurred on two different days (November 1, 2023 and August 26, 2024).

2. Counts 1, 4, 5 and 8 charge the Defendant with firearms crimes (being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C.

924(c)(1). Counts 2, 3, 6 and 7 charge the Defendant with violations of the federal drug laws (possession with intent to distribute in violation of 21 U.S.C. §841(a)(1).

3. The federal indictment in this matter was issued on October 9, 2024 (R. Doc. 1).

4. A writ of habeas corpus ad prosequendum was applied for and issued on October 9, 2024 (R. Doc. 5).

5. According to the docket in this case, the Defendant was not arrested by federal authorities until December 19, 2024 (the same day he was presented to the Court for his initial appearance and arraignment). (R. Doc. 7).

6. 18 U.S.C. §3161(b) mandates, in pertinent part, that, "Any information or indictment charging an individual with the commission of an offense **shall** be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

7. It is the Defendant's position that the filing of this federal case was not done "within thirty days" of his arrest by **state** authorities and therefore the federal indictment is not compliant with 18 U.S.C. §3161(b) and the case against him is fatally defective.

8. Furthermore, the Defendant asserts that the federal indictment was not filed "within thirty days from the date he was arrested" by **federal** authorities (i.e., October 9 is not within thirty days of December 19) and therefore the indictment is not compliant with 18 U.S.C. §3161(b) and the case against him is fatally defective.

WHEREFORE the Defendant asks the Court to find his federal indictment is in violation of 18 U.S.C. §3161(b) and is therefore fatally defective and must be dismissed.

## V.   MOTION TO DISMISS (DOUBLE JEOPARDY)

COMES NOW Defendant, and with the assistance of his appointed counsel, states that the Government has violated his rights against Double Jeopardy by charging him with both substantive criminal counts (Counts 1 through 8) and forfeiture counts.

The Double Jeopardy Clause in the Fifth Amendment to the US Constitution prohibits anyone from being prosecuted twice for substantially the same crime. The relevant part of the Fifth Amendment states, "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . . "

It is the Defendant's position that subjecting him to both substantive criminal counts and forfeiture represents a double punishment for the same core conduct and is therefore not allowed.

WHEREFORE, on this basis the Defendant requests that the indictment against him be dismissed.

## VI.   MOTION TO DISMISS INDICTMENT (*BRUEN)*

COMES NOW Defendant, and with the assistance of his appointed counsel, pursuant to Federal Rule of Criminal Procedure 12(B)(3)(a) and the United States Supreme Court decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 211 (2022)*, moves this Court to dismiss the indictment, and in support states as follows:

1.    Counts 1, 4, 5 and 8 charge the Defendant with firearms crimes (being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1).

2.    The authorizing statutes for Counts 1,4,5, and 8, burden core conduct covered by the Second Amendment, which protects "the right of the people to keep and bear Arms" both in the home[1] and in public.[2]

3.    Defendant herein makes a facial challenge to both 18 U.S.C. §922(g)(1) and 18 U.S.C. 924(c)(1).

4.    This Court is intimately aware of the legal arguments surrounding the *Bruen* decision and the asserted rationale for dismissal on that basis. Accordingly, absent a directive from the Court counsel will not restate those arguments herein.

5.    Counsel acknowledges the state of the law in this Circuit, specifically that:

   a. *United States v. Veasley,* 98 F.4th 906 (8th Cir. 2024)(rejected a facial challenge to 922(g)(3) and 924©).

   b. *United States v. Jackson Jackson,* 110 F.4th 1120 (8th Cir. 2024) (rejected any as-applied challenges to 922(g)(1))

---

[1] *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008) ("There seems to us no doubt, on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms").

[2] *N.Y. State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111, 2122 (2022) ("[T]he Second and Fourteenth Amendments protect and individual's right to carry a handgun for self-defense outside the home.".*

6.      Mr. White wishes to preserve his facial challenges to both 922(g)(1) and 924(c)(1) in the event the Supreme Court of the United States resolves *Bruen* in his favor, or a change in the law nullifies this instant prosecution.

## VII.   CONCLUSION

WHEREFORE, for any or all these reasons, or those that might be developed in further briefing or oral arguments, Defendant prays that the Court dismiss the indictment against him with prejudice and discharge him from this case; and for such further relief as the Court may deem just and proper in the premises.

Respectfully submitted,

NEWTON BARTH, L.L.P

By:      */s/ Talmage E. Newton IV*
Talmage E. Newton IV, MO56647
talmage@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
(314) 272-4490 – Office
(314) 762-6710 – Facsimile

*Appointed Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically served on all parties of record and filed with the court via the court's e-filing System on this 8th day of April, 2025.

/s/ T. E. Newton IV