UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:24 CR 532 HEA (JMB) |
| | ) | |
| IRVEN WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Currently before the Court is Defendant Irven White's Omnibus Motion to Dismiss the Indictment [ECF No. 38] as supplemented [ECF No. 51].  The government opposes the motion. [ECF Nos. 40, 55]  Pretrial motions were referred to the undersigned United States Magistrate Judge.  See 28 U.S.C. § 636(b).

**INTRODUCTION AND PROCEDURAL BACKGROUND**

The procedural history of this case is complicated.  White has consistently indicated his dissatisfaction with the attorneys appointed to represent him, but he has also consistently indicated that he does not want to represent himself and acknowledges he needs the assistance of counsel.

On October 9, 2024, the Grand Jury charged White with several firearm and drug trafficking offenses.  More specifically, the Indictment charges White with being a felon in possession of a firearm (Counts One and Five); possession with the intent to distribute fentanyl (Counts Two and Six); possession with the intent to distribute cocaine base (Counts Three and Seven); and possession of a firearm in furtherance of a drug trafficking crime (Counts Four and Eight).  Counts One through Four relate to events alleged to have occurred on or about November

1, 2023, and Counts Five through Eight relate to events alleged to have occurred on or about August 26, 2024.

It is undisputed that, when the instant federal indictment was returned, White was held in a local jail on State charges. Therefore, on October 9, 2024, the government applied for and received a Writ of Habeas Corpus ad Prosequendum as to White. [ECF No. 5] White was arrested on the federal indictment on December 19, 2024, and he had his initial appearance that day before the Honorable Rodney H. Holmes, United States Magistrate Judge for the Eastern District of Missouri. [ECF No. 7] White requested the appointment of counsel, and Judge Holmes appointed the Federal Public Defender. [ECF Nos. 11, 12]

Also on December 19, 2024, the undersigned issued an order setting deadlines for filing pretrial motions. [ECF No. 13] On January 31, 2025, the undersigned held a hearing to discuss the status of pretrial motions and defense counsel's relationship with White. On February 3, 2025, White's counsel filed "Defendant's Motion to Dismiss Due to Defective Indictment." [ECF No. 23] The government filed a response in opposition on February 10, 2025. On February 27, 2025, the undersigned held a status hearing. White was present with his counsel from the Federal Public Defender, and the government was represented by Assistant United States Attorney J. Christian Goeke. At the February 27th hearing, White indicated his dissatisfaction with the motion filed on his behalf and the Court granted defense counsel additional time to decide what, if any, other motions should be filed. After the conclusion of the February 27th hearing, defense counsel met with White, and White directed counsel to move to withdraw from the representation. Counsel filed a motion to withdraw, which the Court granted and appointed experienced CJA Counsel Talmage Newton, IV. [See ECF Nos. 29-31]

On March 10, 2025, the undersigned held another status hearing. White was present with

Mr. Newton, and the government was represented by Mr. Goeke. At that hearing, the undersigned discussed the schedule for filing any other pretrial motions, and set an April 9, 2025, deadline. [ECF No. 36] On April 8, 2025, White filed the pending Omnibus Motion to Dismiss the Indictment and a Motion to Suppress Evidence. [ECF Nos. 38, 39] As part of his Omnibus Motion, White asked the Court to withdraw or strike the motion to dismiss [ECF No. 23] filed by prior counsel.[1] On April 16, 2025, the government filed a response in opposition to both motions. [ECF No. 40]

The undersigned set an evidentiary hearing for May 29, 2025. On May 27, 2025, Mr. Newton filed a motion styled "Defendant's Motion to Terminate Appointed Counsel" [ECF No. 44], in which Mr. Newton indicated that White wished to discharge him. As a result, on May 29, 2025, rather than conduct an evidentiary hearing as planned, the undersigned held a hearing on the Motion to Terminate Appointed Counsel. White was present with Mr. Newton and the government was represented by Mr. Goeke. At the May 29th hearing, White made clear that he did not wish to represent himself, and he asked the Court for time to locate and retain private counsel. The undersigned granted White's request and issued an order continuing the evidentiary hearing and giving White 45 days to retain private counsel. [ECF No. 48] Throughout the pretrial proceedings of this case, the undersigned has consistently stressed to White the importance of working with his appointed counsel, and advised White that he was not entitled to an attorney who simply did what White told him to do.

Given the complexities created by White's relationship with his attorneys, the undersigned set another status conference for July 1, 2025, to assess White's efforts at securing private counsel. Shortly before the July 1st hearing, Mr. Newton filed another motion to withdraw as counsel. [ECF

---

[1] The prior motion to dismiss is hereby ordered withdrawn.

3

No. 50] In that motion, Mr. Newton represented that the relationship with White had degraded, and he could no longer represent White. [ECF No. 50 at ¶ 3] Mr. Newton further indicated that there were two issues White asked him to bring to the Court's attention. First, Mr. Newton represented that White believes his Speed Trial rights, under both the Sixth Amendment and 18 U.S.C. § 3161(j), were violated due to excessive delay in bringing him to federal court following the indictment. [ECF No. 50 at ¶ 4.a.] Second, Mr. Newton represented that White instructed him to move to withdraw the motion to suppress evidence. [ECF No. 50 at ¶ 4.b.]

On July 1, 2025, White and Mr. Newton appeared before the undersigned for the status conference. Mr. Goeke appeared for the government. The undersigned considered the issues raised in Mr. Newton's most recent motion to withdraw as counsel. White indicated that he had not been able to retain private counsel; and it did not seem likely that he would be able to do so within a reasonable time frame.

The undersigned advised White that the Court would appoint new counsel but would not allow White to select who the Court appointed. The undersigned further advised White that the undersigned would not extend the deadlines for filing new issues via pretrial motions, even if new counsel were appointed.[2] After being advised of these limitations, White asked to remain with Mr. Newton, and Mr. Newton agreed that he would continue to try to work with White. The undersigned again emphasized to White that he needed to work with and respect his attorney. The undersigned documented the hearing in an Order dated July 2, 2025. [ECF No. 54] The undersigned granted Mr. Newton additional time to brief the above-referenced Speedy Trial issue. Thereafter, Mr. Newton filed the pending Supplemental Motion to Dismiss Indictment Motion to

---

[2] The Eighth Circuit has explained that "appointment of new counsel is not good cause for filing an untimely motion." United States v. Dabney, 42 F.4th 984, 989 (8th Cir. 2022) (citing United States v. Trancheff, 633 F.3d 696, 698 (8th Cir. 2011)).

4

Dismiss for Presentment Delays (18 U.S.C. §3161(j)).  [ECF No. 51; hereinafter "White's Supplemental Motion"]  Mr. Newton also filed a motion formally withdrawing the previously filed Motion to Suppress.  [ECF No. 52]  The undersigned granted the motion to withdraw.  [ECF No. 54]  Accordingly, White's Motion to Suppress has been withdrawn and the Court will not consider the merits of any of the issues raised therein.  On July 21, 2025, the government filed its response to White's Supplemental Motion.

In summary, the time for filing pretrial motions has passed.  Mr. Newton remains appointed counsel for White.  Currently pending before the Court is White's Omnibus Motion to Dismiss as supplemented.  [ECF Nos. 38, 51].  The government has filed its responses in opposition.  [ECF Nos. 40, 55]  The undersigned finds that the issues can be resolved on the basis of the pleadings and existing record.  There is no need for an evidentiary hearing.

Based on the record before the Court, having considered the parties' arguments and written submissions, the undersigned makes the following conclusions of law and recommendations.  Any necessary findings of fact are included in the following discussion.

## DISCUSSION, CONCLUSIONS OF LAW, AND RECOMMENDATIONS

**I.     The Indictment**

### COUNT ONE

The Grand Jury charges that:
On or about November 1, 2023, in the City of St. Louis, within the Eastern District of Missouri,

**IRVEN WHITE,**

the Defendant herein, knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm, and that firearm previously traveled in interstate or foreign commerce during or prior to being in defendant's possession.
In violation of Title 18, United States Code, Section 922(g)(1).

### COUNT TWO

5

The Grand Jury further charges that:

On or about November 1, 2023, in the City of St. Louis, within the Eastern District of Missouri,

**IRVEN WHITE,**

the defendant herein, did knowingly and intentionally possess, with the intent to distribute, a mixture or substance containing a detectable amount of fentanyl. a Schedule II controlled substance drug.

In violation of Title 21, United States Code, Section 84l(a)(l).

## COUNT THREE

The Grand Jury further charges that:

On or about November 1, 2023, in the City of St. Louis, within the Eastern District of Missouri,

**IRVEN WHITE,**

the defendant herein, did knowingly and intentionally possess, with the intent to distribute, a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance drug.

In violation of Title 21, United States Code, Section 841(a)(l).

## COUNT FOUR

The Grand Jury further charges that:

On or about November 1, 2023, in the City of St. Louis, within the Eastern District of Missouri,

**IRVEN WHITE,**

the Defendant herein, did knowingly possess a firearm in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States, that is, possess with the intent to distribute a controlled substance, as set forth in Counts Two and Three.

In violation of Title 18, United States Code, Section 924(c)(1).

## COUNT FIVE

The Grand Jury charges that:

On or about August 26, 2024, in the City of St. Louis, within the Eastern District of Missouri,

**IRVEN WHITE,**

the Defendant herein, knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, knowingly possessed one or more firearms, and that firearms previously traveled in interstate or foreign commerce during or prior to being in defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(l).

## COUNT SIX

    The Grand Jury further charges that:
    On or about August 26, 2024, in the City of St. Louis, within the Eastern District of Missouri,

**IRVEN WHITE,**

the defendant herein, did knowingly and intentionally possess, with the intent to distribute, a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance drug.
    In violation of Title 21, United States Code, Section 84l(a)(l).

**COUNT SEVEN**

    The Grand Jury further charges that:
    On or about August 26, 2024, in the City of St. Louis, within the Eastern District of Missouri,

**IRVEN WHITE,**

the defendant herein, did knowingly and intentionally possess, with the intent to distribute, a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance drug.
    In violation of Title 21, United States Code, Section 841(a)(l).

**COUNT EIGHT**

    The Grand Jury further charges that:
    On or about August 26, 2024. in the City of St. Louis. within the Eastern District of Missouri,

**IRVEN WHITE,**

the Defendant herein, did knowingly possess a firearm in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States, that is, possess with the intent to distribute a controlled substance, as set forth in Counts Six and Seven.
    In violation of Title 18, United States Code, Section 924(c)(l).

**II.**    **Motion to Dismiss – Multiplicity**

White contends that the Indictment is multiplicitous because it alleges two firearm offenses, for presumably the same firearm, for the same date/events. For example, Count One alleges that White was a felon in possession of a firearm on November 1, 2023, and Count Four alleges that White possessed (presumably) the same firearm in furtherance of a drug trafficking crime also on November 1, 2023. Similarly, Counts Two and Three each allege that White possessed schedule II controlled substances with the intent to distribute, and each of these Counts

7

alleges the same date. White makes parallel arguments regarding Counts Five through Eight. Based on these arguments, White contends that the government should be limited to charging one gun charge and one drug trafficking charge per relevant date.

The government counters that the Indictment is not multiplicitous because each count requires proof of a fact or element that the corresponding count does not require.

"An indictment is multiplicitous if it charges the same crime in two counts." United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005); see also United States v. Sandstrom, 594 F.3d 634, 651 (8th Cir. 2010) (quoting same). "The rule against multiplicitous prosecutions is based on the Fifth Amendment's Double Jeopardy Clause, which 'protects against multiple punishments for the same offense.'" United States v. Hinkeldey, 626 F.3d 1010, 1013 (8th Cir. 2010) (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)). "Where … an indictment includes more than one count charging the same statutory violation, the question is whether Congress intended the facts underlying each count to constitute a separate unit of prosecution." Id. (citing Chipps, 410 F.3d at 447). "A unit of prosecution is 'the aspect of criminal activity that Congress intended to punish.'" Id. (quoting Chipps, 410 F.3d at 448); see also United States v. Horn Bear, -- F.4th --, slip op. at 5-6, 2025 WL 2056149, at *3 (8th Cir. July 23, 2025). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockberger v. United States, 284 U.S. 299, 304 (1932).

White's arguments do not pass the "unit of prosecution" or Blockberger test. While White is charged with two counts of violating 18 U.S.C. § 922(g)(1), each count occurred on a distinct day and more than nine months apart. Thus, they involve entirely different facts. A similar analysis applies to Counts Four and Eight, which allege violations of 18 U.S.C. § 924(c).

8

Furthermore, the § 924(c) counts each require proof of something that the § 922(g)(1) counts do not, namely that the firearm was possessed in furtherance of a drug trafficking crime.  See Bassett v. United States, 2016 WL 5941938, at *8 (E.D. Mo. Oct. 13, 2016) (rejecting post-conviction argument that counts, including counts alleging violations of § 922(g) and § 924(c), were multiplicitous because the elements of each crime are not the same).  Counts One and Four are not multiplicitous, and Counts Five and Eight are likewise not multiplicitous.

With respect to the drug charges, each of those charges involve different drugs.  Therefore, even though Counts Two and Three occurred on the same day, they respectively involved fentanyl and cocaine base.  Likewise, Counts Six and Seven also occurred on the same day (again, months after the offenses in Counts Two and Three), but allege different drugs.  The fact that the different drug types were simultaneously possessed does not create double jeopardy concerns.  "At least seven circuits have held in precedential opinions that simultaneous possession of two drugs is two crimes; no circuits have held otherwise." United States v. Lockett, 859 F.3d 425, 428 (7th Cir. 2017) (citing cases).  In other words, the unit of prosecution is the type of drug; Counts Two and Three are not multiplicitous, and Counts Six and Seven are not multiplicitous.

In summary, it is recommended that the Court deny White's motion to dismiss insofar as it rests on arguments that the Indictment contains multiplicitous counts in violation of the Double Jeopardy Clause.

### III.     Motion to Dismiss – Speedy Trial

White raises two Speedy Trial Act issues.  The government opposes each of White's arguments.

"'The [Speedy Trial] Act generally requires a federal criminal trial to begin within 70 days after a defendant is charged or makes an initial appearance ….'" United States v. Harris-Franklin,

9

-- F.4th --, slip op. at 8, 2025 WL 2081523, at *4 (8th Cir. July 24, 2025) (quoting <u>Zedner v. United States</u>, 547 U.S. 489, 492 (2006)). "However, 'the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases.'" <u>Id.</u> (quoting <u>Zedner</u>, 547 U.S. at 497). Furthermore, the Speedy Trial Act imposes various time limits relative to when an indictment must be filed after a defendant is arrested on federal charges, <u>see</u> 18 U.S.C. § 3161(b), and ensures defendants already serving sentences of imprisonment are notified when a new federal indictment is lodged against them, <u>see</u> 18 U.S.C. § 3161(j).

White's first Speedy Trial Act argument focuses on 18 U.S.C. § 3161(b). Section 3161(b) states as follows:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

White argues that the thirty-day limit for filing an indictment was violated in his case. The Grand Jury issued the Indictment in this case on October 9, 2024. White contends that, because he was arrested by State authorities more than thirty days before October 9, 2024, the Indictment was issued in violation of § 3161(b). White offers no caselaw in support of this argument.

The government counters that White's reading of the word "arrest" is inconsistent with Eighth Circuit caselaw, and "arrest" in this context relates to the initiation of federal charges (e.g., via complaint), not an arrest on state or local charges.

Section 3161(b) addresses a situation absent from White's case. Although the Speedy Trial Act "does not define arrest," <u>see</u> <u>United States v. Wearing</u>, 837 F.3d 905, 908 (8th Cir. 2016) (internal quotations and citation omitted), § 3161(b) addresses <u>federal</u> arrests without an indictment or information, typically those initiated by complaint. In other words, "[b]oth a federal

10

arrest and a federal criminal complaint are required to trigger the 30-day clock" of § 3161(b). United States v. Young, 2008 WL 925439 at *3 (N. D. Iowa Apr. 2, 2008) (citing United States v. Peterson, 698 F.2d 921, 923 (8th Cir. 1982)).  Thus, when a person is arrested on a federal complaint, the government normally must bring formal charges by indictment or information within thirty days.  That interpretation is reflected in the sanction for violating § 3161(b).  In particular, 18 U.S.C. § 3162(a)(1) provides:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit set by § 3161(b) …, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

Applying these principles leads to the conclusion that White's § 3161(b) arguments cannot be sustained.  There was no federal complaint in this case, so there was no federal arrest to trigger the 30-day deadline and there was no "charge … contained in such complaint to be dismissed or otherwise dropped."  It is not disputed that, prior to October 9, 2024, White was charged only in the City of St. Louis, Missouri, and only with state crimes.  The federal Indictment and state cases, by definition, charge different offenses.  See United States v. Washington, 893 F.3d 1076, 1078-79 (8th Cir. 2018) (rejecting § 3161(b) Speedy Trial Act challenge where, inter alia, the complaint and indictment charged two different offenses).  Simply stated, § 3161(b) does not apply.

In summary, the first federal charge in this matter was the Grand Jury Indictment issued on October 9, 2024.  White was arrested on that federal charge on December 19, 2024.  Section 3161(b) is not applicable, and his Speedy Trial Act clock commenced on December 19, 2024.  The Court should deny White's motion to dismiss insofar as it contends that the Indictment runs afoul of the deadlines set forth in § 3161(b).

White's second Speedy Trial Act argument is that that the Indictment should be dismissed due to excessive delay in bringing him from state/local custody to federal custody, in violation of

11

18 U.S.C. § 3161(j). Section 3161(j) provides in relevant part as follows:

> (j)(1) If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly—
> (A) undertake to obtain the presence of the prisoner for trial; or
> (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.

White has not shown that he was "serving a term of imprisonment in [a] penal institution" at the time of the Indictment in this matter. Rather, it is undisputed that he was a pretrial detainee in a local jail on state charges. In other words, at the time of the Indictment, no "term" of imprisonment was imposed on White. See United States v. Fisher, 76 Fed.Appx 755, 756, 2003 WL 22246954 at *1 (8th Cir. 2003) (per curiam) (affirming district court's refusal to dismiss indictment for alleged failure to comply with § 3161(j) because, among other reasons, the defendant "was on pretrial detention on Arizona state charges, not while he was serving a sentence of imprisonment"). Simply stated, Section 3161(j) does not apply to White's circumstances. Furthermore, even if there had been a failure to comply with § 3161(j), the Eighth Circuit has held that dismissing an indictment is "not an appropriate remedy for violations of § 3161(j)(1)." United States v. Walker, 255 F.3d 540, 542 (8th Cir. 2001), cert. denied, 535 U.S. 1011 (2002).

To summarize, White asks the Court to dismiss the Indictment due to two perceived Speedy Trial Act violations. The undersigned concludes that the White has failed to show that any Speedy Trial Act violation occurred.[3] Accordingly, the undersigned respectfully recommends that the

---

[3] White does not articulate any specific violations of his Sixth Amendment right to a speedy trial. But even assuming that he has, the record reflects that any claim to a Sixth Amendment violation would be premature at this point. All of the delays since his initial appearance in this matter have been due to requests from the defense or due to motions and issues raised by White. See United States v. Leveke, 38 F.4th 662, 671 (8th Cir. 2022) ("To show a Sixth Amendment speedy trial violation, the defendant must allege the interval between accusation and trial has crossed a line from ordinary to presumptively prejudicial delay…. If the defendant makes the

Court deny White's motion to dismiss insofar as it alleges any Speedy Trial Act violations.

### IV.    Motion to Dismiss – Double Jeopardy (Asset Forfeiture)

In addition to the eight substantive felony counts, the Indictment also includes a separate asset forfeiture allegation. White contends that subjecting him to both criminal charges and asset forfeiture results in two prosecutions for the same crime, in violation of the Double Jeopardy Clause of the Fifth Amendment. He cites no authority for support. The government correctly notes that asset forfeiture proceedings, brought pursuant to 18 U.S.C. § 924(d), are not barred by the Double Jeopardy Clause. See United States v. Ursery, 518 U.S. 267 (1996) (citation omitted).[4] Therefore, the undersigned recommends that White's motion to dismiss be denied insofar as it contends that the Indictment violates the Double Jeopardy Clause by subjecting him to potential criminal punishment and asset forfeiture.

### V.     Motion to Dismiss – 2nd Amendment

Counts One and Four charge White with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Counts Five and Eight charge him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). White contends those statutes are unconstitutional in that they burden conduct protected by the Second Amendment. Therefore, White asks the Court to dismiss Counts One, Four, Five, and Eight. White acknowledges that his arguments are presently foreclosed by Eight Circuit precedent.

Although the law in this area is unsettled nationally, it is settled in our Circuit. See, e.g., United States v. Jackson, 110 F.4th 1120, 1125 (8th Cir. 2024) (holding that there would be no

---

threshold showing, then we proceed to analyze the following factors: [l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.") (cleaned up).

[4] The Forfeiture Allegation in the Indictment alleges that forfeiture is being sought pursuant to 18 U.S.C. § 924(d)(1), which broadly relates to forfeiture of firearms and ammunition used in connection with violations of federal criminal law.

felony-by-felony consideration of challenges to § 922(g)(1) prosecution); United States v. Veasley, 98 F.4th 906 (8th Cir. 2024).

Regarding § 924(c), that statute penalizes carrying a firearm in furtherance of another felony offense, which in this case was drug trafficking. It has been widely recognized that the Second Amendment does not extend to possessing firearms for unlawful purposes, and § 924(c) is therefore constitutional both facially and as-applied to drug traffickers. See, e.g., United States v. Francis, 2025 WL 754164, at *5 (D. Neb. Mar. 10, 2025) (citing cases); see also United States v. Bolden, No. 4:23CR83 HEA, Report and Recommendation at 13-14 (E.D. Mo. Oct. 21, 2024) (noting, inter alia, the Eighth Circuit's recognition in Jackson that the historical tradition includes status-based restrictions on firearm possession by those who deviate from legal norms or present a risk of dangerousness) (quoting Jackson, 110 F.4th at 1127).

The undersigned respectfully recommends that the Court deny White's Motion to Dismiss the Indictment insofar as it rests on an argument that any of the charges contained therein violate his rights under the Second Amendment.

## RECOMMENDATION AND ORDER

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Court DENY White's motion to dismiss, as supplemented [ECF Nos. 38, 51].

**IT IS FURTHER ORDERED** that White's initial motion to dismiss [ECF No. 23] is withdrawn from consideration per White's request.

The parties are advised that they have fourteen (14) days in which to file written objections to the foregoing Report and Recommendation unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal

questions of fact. Objections must be timely and specific in order to require review by a District Court Judge. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990). See also 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a).

Pretrial proceedings in this matter have concluded. This matter will be set for trial by further order of the Court, before the Honorable Henry E. Autrey, United States District Judge.

_____
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this  4th  Day of  August , 2025.

15